# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | :    CASE NO.: 7:21-CR-00048 |
| | : |
| DAMARIUS WILLIAMS, | : |
| | : |
| Defendant. | : |
| | : |

## **ORDER**

The Court held a hearing on the United States Probation Office's Petition (Doc. 680) to revoke Defendant Damarius Williams's supervised release. This Order memorializes that hearing. Previously, Williams pleaded guilty to possession with intent to distribute methamphetamine in violation of 21 USC §§ 841(a)(1) and 841(b)(1)(C) and 21 USC § 2. The Petition alleges seven violations of his supervised release. (Doc. 680 at 1-2).

At the hearing, Defense Counsel acknowledged that Williams had been provided with a copy of the Petition for revocation and that Counsel had reviewed it with him. The Court advised Williams of his rights to a hearing on the allegations, in which the Government would be required to prove the allegations by a preponderance of the evidence; to present evidence in his defense; and to testify in his defense. Williams was also advised that he was not required to testify or present a defense and whether he would testify was his decision—all of which Williams acknowledged he understood. The Court also confirmed from Williams that he had received the Petition and the Revocation Report (Doc. 111) and reviewed them. Williams stated that he had spoken to Counsel and wished to stipulate to Violations One, Two, Three, and Four. Because Williams stipulated to Violations One, Two, Three, and Four, the Government withdrew the allegations of Violation Five, Six, and Seven. The Court also found that Williams's waiver of a hearing on the Petition was freely, knowingly, and voluntarily done.

Because Williams stipulated and admitted to Violations One, Two, Three, and Four as alleged, the Court found that the violations in the Petition had been established by a

preponderance of the evidence.[1] Once the violations had been established, the Court heard from the Government, Defense Counsel, and Defendant Williams. Neither Williams nor the Government objected to the Revocation Report. The Court then declared Williams's supervised release revoked.

The Court determined Williams's U.S. Sentencing Guidelines range to be 5 to 11 months based on Grade C violations and a criminal history category of III. Considering the totality of circumstances and the 18 U.S.C. §§ 3553(a) and 3583(e) factors, the Court sentenced Williams to time served. The Court found this sentence appropriate to reflect the seriousness of Williams's conduct and to protect the public. Williams's imprisonment shall be followed by no supervised release.

For these reasons, the Petition (Doc. 680) is **GRANTED**, and Williams's supervised release is **REVOKED**. Defendant is sentenced to time served. After his release, he will have no term of supervised release.

**SO ORDERED**, this 15th day of December 2025.

                                                                **/s/ W. Louis Sands**
                                                                **W. LOUIS SANDS, SR. JUDGE**
                                                                **UNITED STATES DISTRICT COURT**

---

[1] "Due process requires that the court state 'the evidence relied on and reasons for revoking [supervised release.]'" *United States v. Dees*, 452 F. App'x 929, 931 (11th Cir. 2012) (quoting *United States v. Cope*land, 20 F.3d 412, 414 (11th Cir. 1994)). "This requirement is satisfied when the record is 'sufficiently complete to advise the parties and the reviewing court of the reasons for the revocation of supervised release and the evidence the decision maker relied upon.'" *Id.* (citations omitted).